IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Terrence Nelson, | ) | C/A No.: 1:14-887-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Orangeburg-Calhoun Detention Center; | ) | |
| Vennssa Dozer; and Willie Bamberg, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Shawn Terrence Nelson, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges an unlawful deprivation of his property by the Orangeburg-Calhoun Detention Center ("OCDC"), Vennssa Dozer and Willie Bamberg (collectively "Defendants"). [Entry #1 at 2–3]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that, upon his release from segregated confinement at the OCDC on November 6, 2011, he informed several officers that he did not have his property. [Entry #1 at 3]. The missing property included family pictures, magazines, Plaintiff's grandmother's obituary, and a set of thermal underwear. *Id*. Unidentified supervisors

1

allegedly indicated that Plaintiff's property could not be located. *Id.* Plaintiff claims that Willie Bamberg told him that officers would be assigned to find the missing property, and Vennssa Dozer allegedly told Plaintiff's father that the property would be replaced. *Id.* However, Plaintiff states that his property has not been located or returned to date. *Id.* Plaintiff seeks return or replacement of his property. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

> B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

> 1.     Improper defendant

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not persons and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail

is not a person amenable to suit."). Therefore, because the OCDC is a facility used primarily to house pretrial detainees awaiting trial in state court, it is not a person amenable to suit under § 1983 and the undersigned recommends it be summarily dismissed from this case.

### 2.    Deprivation of property

Plaintiff alleges that Defendants lost his property. [Entry #1 at 3]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).

Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process

4

requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).     Plaintiff     fails     to allege state authorization for Defendants' alleged loss of his property.  Thus, to the extent Plaintiff claims an intentional property deprivation, he has an adequate state remedy available to address Defendants' alleged actions. As such, Plaintiff's property deprivation claims are subject to summary dismissal.

3.     Negligence

The law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983.  *See Daniels*, 474 U.S. at 335–36 n.3; *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986).  Thus, to the extent Plaintiff alleges Defendants acted negligently, such claims are subject to summary dismissal because they do not allege that a constitutional right has been violated.  Further, while such a claim would be actionable in state court, the federal claims in this case are recommended for summary dismissal.  Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 26, 2014                              Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).