UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Terrence Nelson, | ) | C/A No. 1:14-887-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Orangeburg-Calhoun Detention Center; | ) | |
| Venssa Dozer; and Willie Bamberg, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Shawn Terrence Nelson, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 claiming that he was deprived of his property upon his release from segregated confinement at the Orangeburg-Calhoun Detention Center (OCDC).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on March 26, 2014. The plaintiff did not file objections to the report and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Although he did not file objections to the Report, the plaintiff filed a motion to amend his complaint to remove OCDC as a party to this lawsuit. He also seeks to have the defendants sued in their individual and official capacities. For the reasons which follow, the plaintiff's motion to amend (ECF No. 11) is denied.

As an initial matter, the Magistrate Judge correctly suggests that defendant OCDC is not a "person" acting under color of state law such that it is not amenable to suit under 42 U.S.C. § 1983. This court agrees and OCDC is dismissed from this action.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution does not apply to a negligent act of a government official causing an unintended loss or injury to life liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). Moreover, to the extent the plaintiff claims that the deprivation of his property was intentional, if a meaningful post-deprivation remedy for the loss is available, such deprivation does not violate the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As the Magistrate Judge properly indicates in her Report, the State of South Carolina has such a meaningful post-deprivation remedy. In other words, the plaintiff has an adequate

state remedy available to address his allegations against the defendants in state court. This court agrees with the Magistrate Judge that such claims should be summarily dismissed.

Finally, to the extent plaintiff alleges that the defendants acted negligently, such claims are also subject to summary dismissal because a claim of negligence is not actionable under 42 U.S.C. § 1983. This court declines to exercise supplemental jurisdiction over any of plaintiff's state law caused of action.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process. Plaintiff's motion to amend his complaint (ECF No. 11) is denied.

IT IS SO ORDERED.

May 8, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge